IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CR-152-WKW |
| | ) | [WO] |
| TA'MYAH D'ONSHAE THOMAS | ) | |

## ORDER

Before the court is Defendant's Unopposed Second Motion to Continue Trial. (Doc. # 24.)  The motion is due to be granted pursuant to 18 U.S.C. § 3161(h)(7).

While the trial judge enjoys great discretion when determining whether to grant a continuance, the requirements of the Speedy Trial Act ("Act") limit that discretion.  18 U.S.C. § 3161; *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986).  The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

§ 3161(c)(1).  The Act excludes, however, certain delays from the seventy-day period, including delays based upon "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." § 3161(h)(7)(A).  In determining whether to grant an ends-of-justice continuance, the court "shall consider," among other things, whether denial likely

would "result in a miscarriage of justice," *id.* at § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," *id.* at § 3161(h)(7)(B)(iv).

For the reasons set out in the motion, Defendant has demonstrated that the ends of justice served by continuing the trial outweigh the best interest of the public and Defendant in a speedy trial. *See* § 3161(h)(7)(A). On balance, the public's interest in an expeditious trial of Defendant is not so great as to offset the risk of a miscarriage of justice if Defendant's trial goes forward within the Act's seventy-day deadline. *See id.* at § 3161(h)(7)(B)(i). Additionally, if the requested continuance were denied, counsel for Defendant would not have an adequate opportunity to prepare for trial, considering the exercise of due diligence. *See id.* at § 3161(h)(7)(B)(iv).

Accordingly, it is ORDERED that Defendant's Unopposed Second Motion to Continue Trial (Doc. # 24) is GRANTED and that the trial is CONTINUED from April 17, 2023, to the criminal term of court beginning **September 11, 2023**, in Montgomery, Alabama. The Magistrate Judge shall conduct a pretrial conference prior to the September 11, 2023 trial term.

DONE this 21st day of March, 2023.

/s/ W. Keith Watkins  
UNITED STATES DISTRICT JUDGE